NICHOLS, administrator, etc., appellant, v. TIFFT.

*Contract — construction of.*

B brought a creditors' suit to discover money or property of P. Defendant, against whom an action had been brought by the committee of P., to set aside the conveyance of certain property previously owned by P., in settlement of such action, agreed that if B. should discover in his creditors' suit any money or property of P., and should recover final judgment, that such money or property be applied in satisfaction of a judgment held by B, defendant would satisfy such judgment " to the extent of the money or property so adjudged to be applicable to the payment " of said judgment. Property was discovered of the value of $11,694. Out of this the court deducted for costs and administrators' fees and commission, $3,119.96, leaving a balance of $8,574.42, which last-named sum it found and adjudged was applicable in reduction of the judgment of B.

In an action upon the agreement of defendant, *held*, that defendant was liable for only the said sum of $8,574.42, and was not liable for the whole sum discovered.

APPEAL by the plaintiff from a judgment of the special term of the superior court of Buffalo, entered upon the decision of that court. The action and appeal were removed to this court under a

certificate, pursuant to Laws of 1873, chap. 239, that there were no two judges of the superior court qualified to act in said appeal. The necessary facts appear in the opinion.

*Asher P. Nichols,* appellant in person.

*John Ganson,* for respondent.

MULLIN, P. J. In 1861, one John Carter Brown held a bond and a mortgage on lands in Erie county, made by Aaron D. Patchin. An action to foreclose said mortgage was brought against said Patchin and others, and such proceedings were had in said action that a judgment of foreclosure and sale was entered. The premises embraced in said mortgage were sold by virtue of said judgment for the sum of $2,000, and a judgment for a deficiency for $10,887.02, was entered against said Patchin. In 1862, said Patchin, being largely indebted to the Chautauqua County Bank, pledged to it as security divers stocks and choses in action. In July of 1862, said debt being unpaid, the trustees of said bank at the request, and by the authority of said Patchin's duly authorized agent, sold at private sale said stocks, etc., to the defendant, Tifft.

In October of the same year, Patchin, by his agent, sold to Tifft 1416 shares of the capital stock of the Buffalo, N. Y. & Erie R. R. Co., of the nominal value of $100 each, for $4,000. John Carter Brown brought an action in the nature of a creditor's bill against Patchin to collect out of his choses in action, etc., the deficiency arising from the foreclosure sale above mentioned.

In that action, such proceedings were had that it was adjudged that said Brown had obtained an equitable lien on certain bonds to the amount of........................ ........... $11,694 38

Out of which there was allowed to Patchin's administrators for commissions............................ 1,190 34

$10,504 07

And there was charged and paid out of said fund for costs, etc...................................... 1,929 65

Leaving to apply on the judgment.................. $8,574 42

Patchin became insane, and his wife was appointed committee of his person and estate.

After such appointment she commenced an action against the defendant, Tifft, to set aside the sale of the 1416 shares of railroad stock. This suit, and the creditor's suit of Brown, were pending at the same time.

A settlement was concluded between Mrs. Patchin and Tift, subject to the approval of the court by which she was appointed committee, as stated in the covenant on which the action is brought. The settlement was in substance that, if Brown should discover in his creditor's suit any money or property of said Patchin, and should recover final judgment in the said action, that such moneys or property should be applied in satisfaction of the judgment for the deficiency in the foreclosure action, he, said Tifft, would satisfy such judgment "to the extent of the money or property so adjudged to be applicable to the payment" of said deficiency judgment.

The judge who tried this cause in the superior court in his findings of fact says that a judgment was entered in the creditor's suit of *Brown* v. *Patchin,* that Brown obtained a lien on eight second mortgage bonds of $1,000 each, and on $2,128 interest accrued thereon, which lien was a valid and subsisting one against said bonds, and he was entitled to have the proceeds thereof, *after deducting the fees and commissions of the plaintiff in this action as administrator, and after paying the costs and disbursements of the respective parties to said action* applied on his judgment.

The whole amount discovered in the creditor's suit was $11,694; out of this the court deducted $3,119.96 for costs, etc., and found and adjudged that there was applicable in reduction of the Brown judgment the sum of $8,574.42, being the amount remaining of the fund on which Brown had the lien, after deducting costs, etc.

The plaintiff, as administrator of Patchin, brings this action to recover of defendant on the covenant executed by him and delivered to Mrs. Patchin, in pursuance of the settlement of the suit brought against the defendant to set aside the sale of the railroad stock, the sum of $11,694.38 being the amount realized from the choses in action on which it was adjudged Brown had obtained a lien.

The superior court held and decided that plaintiff could recover of the defendant only the sum of $8,574.42, being the amount remaining of the avails of the securities, after deducting costs, etc., and it is this judgment that plaintiff seeks to review in this court to which the suit has been transferred.

Brown discovered in his creditor's suit property on which he

Nichols v. Tifft.

obtained a lien to the amount of $11,694.38, and the whole or so much as was necessary to satisfy his judgment was applicable thereto. As between him and his debtor only so much would be applied in reduction of this deficiency judgment as remained of said property after paying such charges as the court or the law should require to be paid for costs and charges in the creditor's suit. But as between Brown and any person covenanting to pay the value of any property he might discover in his creditor's suit, the value of the whole property discovered would be the measure of damages.

The defendant's covenant is not that he will pay the value or amount of all such property as Brown might discover in his said action, but that if he, Brown, discovers property and shall recover final judgment in his said action that such moneys or property be applied in satisfaction of the deficiency judgment, he (defendant) would satisfy such final judgment to the extent of the money or property so adjudged to be applicable to the payment of said deficiency judgment.

We must ascertain the extent of defendant's liability, not from the amount of the property Brown should discover in the action, but from the judgment of the court declaring the amount that should be applied on the judgment and in full or partial satisfaction thereof.

The court has adjudged that $8,574.42 of the property discovered should be applied in satisfaction of the deficiency judgment; such a judgment must have been recovered before any liability of the defendant could be said to arise, and being recovered the defendant's liability for that sum and interest is established.

The judgment of the superior court is in strict conformity to the term of the covenant, and it must be affirmed.

*Judgment affirmed.*